Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the
case.



FILED

Aug 14 2012, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**C. DENNIS WEGNER**
C. Dennis Wegner & Associates, P.C.
Indianapolis, Indiana

**JONATHAN E. PALMER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**EDWARD F. SCHRAGER**
**M. EDWARD KRAUSE, III**
Cohen Garelick & Glazier
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C. DENNIS WEGNER & C. DENNIS WEGNER & ASSOCIATES, PROFESSIONAL CORPORATION, | ) ) ) ) | |
| Appellants/Cross Appellees, | ) ) | |
| vs. | ) ) | No.   49A02-1112-CT-1159 |
| MICHAEL S. MILLER, D.O., and COHEN GARELICK & GLAZIER, | ) ) ) | |
| Appellees/Cross Appellants. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No.  49D07-0806-CT-24891

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

C. Dennis Wegner and C. Dennis Wegner & Associates, Professional Corporation (collectively, "Wegner") appeal the trial court's denial of their motion to correct error and the award of attorney fees as sanctions to the law firm of Cohen, Garelick & Glazier (collectively, "Cohen") and to Michael Miller, D.O.  Miller and Cohen, through attorney Edward F. Schrager ("Schrager") cross appeals.[1]

We affirm in part and reverse in part.

## ISSUES

1.     Whether the trial court erred in awarding attorney fees to Schrager after he filed a motion for protective order in which he stipulated that he would not request attorney fees unless the order was violated.

2.     Whether the trial court erred in denying Wegner's request for attorney fees.

3.     Whether the trial court erred in failing to find that an award of additional attorney fees to Schrager was warranted on the theory that Wegner engaged in a pattern of discovery abuse.

4.     Whether the trial court erred in not making findings of fact and conclusions of law on the issue of spoliation.

---

[1] Schrager is the Cohen attorney who represented Miller and made the claims of discovery violations that are at issue here.  For the sake of grammatical economy, we will refer to the discovery motions as Schrager's motions.  In addition, we will refer to the attorney fee award as an award to Schrager.

FACTS

On June 5, 2008, Amanda Russell, who was represented by Wegner, filed a tort action against Miller, who was represented by Schrager. Schrager filed a number of motions pertaining to discovery issues, and in some of the motions he requested sanctions. On February 3, 2010, Schrager filed a motion to compel discovery in which he sought an order compelling Russell to fully answer an Interrogatory question. The trial court issued a March 5, 2010 order stating that Russell "shall respond to [the interrogatory], fully and completely within 30 days or be subject to sanction, including dismissal." (Appellants' App. 43).

On December 23, 2010, Schrager filed a motion requesting a protective order. In the motion, filed pursuant to Indiana Trial Rules 26(C) and (F), Schrager advised the court that Wegner had forced the postponement of Russell's deposition by engaging in delaying tactics. On January 18, 2011, the trial court issued a protective order requiring that the deposition be completed in accordance with strict adherence to a number of court-imposed rules. The deposition was subsequently conducted without further incident.

On January 20, 2011, Schrager filed an "Emergency Motion for Protective Order and Motion for Attorney Fees." In this motion, Schrager, on behalf of Miller's spouse, Janet, requested that the trial court prohibit Wegner from taking Janet Miller's deposition

3

as a "fishing expedition" about confidential matters. (Appellees' App. 142). After a telephonic conference with the trial court, the parties agreed that Janet Miller would provide an affidavit in lieu of submitting to a deposition.

Further, on January 21, 2011, Schrager filed a "Motion Requiring that Amanda Russell Execute HIPAA Authorization Form to Obtain INSPECT Report" in which he alleged that he had sent a HIPAA Complaint Authorization Form to Wegner on January 12, 2011, requesting that "Russell sign it for the purpose of obtaining an INSPECT Report."[2] (Appellants' App. 91). In a January 28, 2011 order dealing with a number of discovery matters, the trial court ordered that "Russell's executed HIPAA Compliant Authorization Form shall be provided forthwith[.]" (Appellees' App. 211).

On January 21, 2011, Schrager also filed a "Motion to Compel Discovery of Dr. Gonso's Records, Reports, File and all Communication" in which he alleged that Wegner was withholding from discovery a preliminary version of a report prepared by Dr. Jonni Gonso, an expert witness designated by Russell. In a February 15, 2011 order compelling discovery, the trial court ordered that Dr. Gonso "shall provide to [Schrager] all written communication including drafts of Dr. Gonso's report from the office of [Wegner] to the office of Dr. Gonso." [Appellee's App. 295]. The trial court also ordered that any delay could result in limited depositions to be paid for by Russell and or

---

[2] "INSPECT" stands for "Indiana Scheduled Prescription Electronic Collection & Tracking." Appellee's Br. at 184.

Wegner. The trial court ordered that "the issue of attorney fees relating to [Schrager's motion] shall be considered by the trial court . . . ." [Appellee's App. 296].

On January 21, 2011, Schrager had also filed a "Motion For Sanctions And For Attorney Fees." In the motion, Schrager stated that Wegner had engaged in further discovery misconduct in relation to Dr. Gonso. Wegner denied the allegations in his reply to the motion, and on March 7, 2011, Schrager filed his "Defendant's Reply to Plaintiff's Answer to Defendant's Motion For Sanctions." (Appellants' App. 195). In the reply, Schrager stated:

> Matters involving Dr. Gonso constitute the most serious of the discovery violations. It is with regret that the undersigned is compelled to report that [Wegner] engaged in an apparent intentional act of spoliation evidence. On November 9, 2010, [Wegner] objected to the release of Dr. Gonso's draft report citing his work product privilege. At that precise moment when he asserted the work privilege, [Wegner] had actual knowledge, and indeed possession, of the draft report. He was told *on the record* by [Schrager] that this document was sought. On February 15, 2011, [Wegner] acknowledged [Schrager]'s right to see the report but claimed it was no longer in existence. From before November 9, 2010, through the completion of Dr. Gonso's deposition on February 23, 2011, [Wegner] was under a duty to seasonally supplement discovery which would have included, but not been limited to, the production *without request* of Dr. Gonso's final report. This conduct resulted in a substantial diversion from the matters at issue in this case and imposed significant attorney's fees on Miller spent to identify and obtain communication between the officer of [Wegner] and Dr. Gonso together with her final report.

(Appellants' App. at 199-200) (emphasis in original).

5

On March 10, 2011, Russell and Miller engaged in mediation and settled the case. The "Release Agreement" entered into pursuant to mediation preserved the issue of sanctions for subsequent determination.

On April 7, 2011, June 10, 2011, and August 5, 2011, the trial court held hearings on Schrager's motion for sanctions and attorney fees. On October 3, 2011, the trial court entered findings of fact and conclusions of law in support of its order awarding Schrager's firm $10,000 in attorney fees for work done in obtaining the protective order regarding Russell's deposition and for the time spent presenting this issue at the sanctions hearings. The trial court also found the award of attorney fees for time expended in the filing and presentation of the four remaining discovery motions was not warranted.

On November 2, 2011, Wegner filed a motion to correct error in which he alleged that Schrager was barred from an award of attorney fees for obtaining the protective order because Schrager's motion for protective order specifically stated that Miller was not seeking attorney fees at that time but reserved the right to do so if there was a further violation of the protective order. Wegner emphasized that although the trial court acknowledged that there was no violation of the protective order, it awarded the attorney fee award that Schrager promised not to pursue. Wegner further emphasized that the $10,000 attorney fee award was not supported by the evidence. The trial court denied the motion to correct error.

In an additional November 2, 2011 motion, Wegner requested an award of attorney fees on the basis that Schrager failed to make appropriate efforts to resolve discovery disputes before filing motions with the court. Wegner emphasized the trial court's findings that delineated the trial court's refusal to award attorney fees to Schrager on four of his five motions. Wegner requested a hearing on the question of attorney fees. The trial court denied Wegner's motion without a hearing.

DECISION

Indiana Trial Rule 52(A) provides that when the trial court issues findings and a corresponding judgment, "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." Factual findings are clearly erroneous if there is no evidence or reasonable inference from the evidence to support the findings, and we review only the evidence and reasonable inferences therefrom that are favorable to the judgment without reweighing the evidence or reassessing the credibility of the witnesses. *Argonaut Ins. Co. v. Jones*, 953 N.E.2d 608, 614 (Ind. Ct. App. 2011), *trans. denied.* "We owe no deference to the trial court, however, on matters of law, reviewing these de novo." *Id.*

1.     Propriety of Attorney Fee Award to Schrager

In Schrager's December 23, 2010 motion for a protective error pertaining to the completion of Russell's deposition, he stated the following:

Although it is within the sound discretion of the Court to award fees for the necessity of obtaining a Protective Order and indeed a presumption exists that fees should be awarded, [Schrager] is not seeking [attorney] fees at this time, but reserves the right to do so if there is a violation of any protective order that the Court might grant.

(Appellants' App. 48). Wegner notes that neither Schrager nor the trial court asserts that he violated the protective order.

Wegner contends that the aforementioned provision of the motion for protective order constitutes a waiver of the right to attorney fees provided by Indiana Rule of Trial Procedure 37(A)(4), which states that if a discovery motion is granted, "the court shall . . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including [attorney] fees . . . ."

Waiver is the intentional relinquishment of a known right, requiring both knowledge of the existence of the right and the intention to relinquish it. *City of Crown Point v. Misty Woods Properties, LLC*, 864 N.E.2d 1069, 1079 (Ind. Ct. App. 2007). Here, Schrager impliedly refers to his right to attorney fees under T.R. 37(A)(4) and then indicates a knowing, voluntary, and conditional relinquishment of the right to collect those fees. When the condition stated in Schrager's motion did not occur, Schrager, by the plain language of his motion, voluntarily and knowingly waived the right to pursue an award of fees pertaining to the motion for protective order. Thus, the trial court's order

8

awarding attorney fees based upon the motion for a protective order is erroneous as a matter of law.

2.      Wegner's Request for Attorney Fees

Wegner contends that the trial court erred in denying his motion for attorney fees and request for hearing that was filed on the same day as his motion to correct error. Wegner premised his argument on Indiana Trial Rule 37.

Wegner's motion was filed after the trial court conducted three days of hearings on the issue of whether Indiana Trial Rule 37 applied to Schrager's motions. The same evidence that applied to Schrager's motions applies to Wegner's. In effect, Wegner's motion for attorney fees and request for hearing was a motion to correct error as it attempted to revisit the subject of the recently completed hearings. Under the circumstances of this case, Wegner could not expend valuable court time by raising Trial Rule 37 claims for the first time in the equivalent of a motion to correct error. *See In re Estate of Latek*, 960 N.E.2d 193, 203 (Ind. Ct. App. 2012) (holding that an issue cannot be raised for the first time in a motion to correct error). The trial court did not err in denying Wegner's untimely motion.

3.      Propriety of an Award of Attorney Fees

T.R. 37(A)(4) gives the trial court limited discretion in determining not to award attorney fees or expenses. The rule provides that an award of expenses, including attorney fees, is not required if the trial court finds "that the opposition to the motion was

9

substantially justified or that other circumstances make an award of expenses unjust." On cross-appeal, Schrager contends that the trial court erred in denying his request for attorney fees with regard to the other four discovery motions.

In its order, the trial court made the following findings of fact in determining that Schrager was not entitled to attorney fees with regard to the aforementioned motions:

> B.    Dr. Miller's Initial Written Discovery
>
> [Schrager] filed his Motion to Compel Discovery on February 3, 2010, asserting that the response provided by Plaintiff to Interrogatory #5 was inadequate for a number of reasons. The Court issued its Order Compelling Discovery on March 5, 2010. The Order directed the Plaintiff to respond to the subject interrogatory fully and completely within 30 days or be subject to sanctions, including dismissal.
>
> It was not until January 21, 2011 in his Motion for Sanctions and [Attorney] Fees that the Defendant sought to recover [attorney] fees against the Plaintiff for obtaining the Order entered on March 5, 2010.
>
> The Court's Order entered on March 5, 2010 indicated that sanctions would only be imposed if the Plaintiff should fail to completely answer the interrogatory within 30 days. On February 22, 2010, Plaintiff served her Supplemental Answer to Interrogatory #5 on the Defendant, prior to the Court's entry of its March 5, 2010 order.
>
> * * * *
>
> D.    Wegner's Intention to take Deposition of Janet Miller
>
> On January 18, 2011, the day Mr. Schrager received the Notice to take Janet Miller's deposition, Mr. Schrager sent a proposed Affidavit to Mr. Wegner to be used as a substitute for taking her deposition. The proposed Affidavit recited that she had no knowledge of any "claims or lawsuits" against Dr. Miller outside of the marital relationship.[3] The Affidavit did

---

[3] Janet Miller was also an employee of Dr. Miller's medical office.

not mention the word "complaints" which was the subject of the Plaintiff's subpoena duces tecum.

Mr. Wegner sent an email to Defendant's attorney in the evening of January 20, 2011 advising that he would accept the Affidavit in lieu of taking Janet Miller's deposition if the word "complaints' was inserted in the affidavit along with "claims and lawsuits" against Dr. Miller. Mr. Wegner was unaware that Defendant's attorney had already filed an Emergency Motion for Protective Order and [Attorney] Fees on behalf of Janet Miller as a non-party earlier on January 20, 2011.

In [his] Emergency Motion for Protective Order, [Schrager] alleged that Mr. Wegner intended to engage in vexatious discovery by conducting what [he] termed a "fishing expedition" into irrelevant or privileged material and that he would ask her inappropriate questions about [confidential matters]. Mr. Wegner denied that it was his intent to conduct a fishing expedition because he had a reasonable belief that Mrs. Miller might have discoverable information that would lead to admissible evidence.

On January 25, 2011, the Court set a telephonic attorney conference for January 27, 2011. The impasse over Janet Miller's deposition was resolved as a result of the intervention of the Court on January 27, 2011 . . . .

E.      Efforts to Obtain INSPECT Report

On January 21, 2011, the Defendant filed his Motion Requiring that Amanda Russell Execute HIPAA Compliant Authorization Form. The Motion alleged that Mr. Wegner was not cooperating in providing the requested authorization, but no allegation was made that the Plaintiff or Mr. Wegner had affirmatively refused to provide the authorization.

Mr. Wegner testified that the Plaintiff had previously signed numerous authorizations for release of documents to the Defendant, and that he and the Plaintiff were not holding anything back or refusing to provide the authorization for the INSPECT Report. Mr. Wegner testified that on January 25, 2011, he received the signed authorization for INSPECT Report back from [Russell] and that he forwarded the signed authorization to Defendant's attorney on the same date.

11

On January 27, 2011, the Court held a telephonic conference with both counsel to resolve several outstanding pretrial and discovery issues. Mr. Wegner stated that he had already sent the Plaintiff's signed authorization to Defendant's attorney, who stated that he had not received it. The Court entered an Order on January 28, 2011 directing that Amanda Russell's executed HIPAA Compliant Authorization Form should be provided forthwith. Defendant's attorney acknowledged receiving the authorization, but he could not recall the specific date.

F.     Draft Report of Dr. Gonso

On January 21, 2011, Defendant filed a Motion to Compel Discovery for the purpose of obtaining an order compelling discovery of draft reports prepared by Dr. Gonso and written communications between Dr. Gonso and Mr. Wegner. The Defendant included a request for [attorney] fees for filing this motion in his Motion for Sanctions and Attorney Fees which was filed contemporaneously. The alleged basis for seeking [attorney] fees in this matter was that the Plaintiff's conduct in this matter was "part of a consistent pattern of obdurate conduct."

The Court entered an Order Compelling Discovery on February 15, 2011, directing Dr. Gonso to provide all of her written communications with Mr. Wegner and draft reports to Defendant's attorney and to submit to a deposition by him, at Mr. Wegner's expense, for the limited purpose of inquiring into those communications and draft reports. The Order specifically excluded Mr. Wegner from the Court's directive to provide these documents to Defendant's attorney.

(Appellants' App. 14-20).

The trial court made the following pertinent conclusion of law:

With respect to additional discovery violations allegedly engaged in by Mr. Wegner, the Court concludes that it would be unjust to impose sanctions under the circumstances described in the Court's findings. Mr. Wegner has demonstrated that his conduct was substantially justified with respect to the alleged discovery violations described in Findings B, D, E and F above.

(Appellants' App. 21).

12

Under Indiana Trial Rule 52, the person challenging a trial court's findings is required to show that the findings are clearly erroneous. Factual findings are clearly erroneous if there is no evidence or reasonable inference from the evidence to support the findings, and we review only the evidence and reasonable inferences therefrom that are favorable to the judgment without reweighing the evidence or reassessing the credibility of the witnesses. *Argonaut*, 953 N.E.2d at 614.

Here, Schrager contends on cross-appeal that the trial court's findings and conclusions are clearly erroneous. With regard to Schrager's motion to compel a more complete answer to Interrogatory 5 (addressed as Issue B in the trial court's findings), it appears that even though it complied with Schrager's request for the issuance of an order to compel, the trial court believed that Schrager filed a hasty motion. Therefore, the trial court concluded that at the time the order to compel was issued, no sanctionable offense had occurred. There is evidence to support the trial court's finding that Wegner and his client, Russell, had already answered the interrogatory almost two weeks before the trial court intervened. We cannot say that the trial court was clearly erroneous in denying a request for attorney fees under these circumstances.

With regard to Schrager's motion pertaining to Wegner's intention to take Janet Miller's deposition (addressed as Issue D in the trial court's findings), the trial court found that the impasse was occasioned by both parties' actions. The trial court did not find that Wegner was engaged in a fishing expedition, and it found that Wegner's

13

rejection of the already proposed affidavit was proper. Because any "blame" for delay was attributable to both parties, we cannot say that the trial court was clearly erroneous in denying a request by Schrager for fees under these circumstances.

With regard to Schrager's efforts to obtain an INSPECT Report (addressed as Issue E in the trial court's findings), the trial court found that upon receiving an authorization form from Schrager, Wegner immediately sent the form to Russell for her to sign. The court also found that Schrager acknowledged receiving the authorization, but he could not recall the specific date upon which it was received. The evidence clearly establishes that no discovery violation occurred; therefore, its finding is not clearly erroneous.

Schrager's motion pertaining to provision of Dr. Gonso's draft report (addressed as Issue F in the trial court's findings) based its request for attorney fees on Schrager's belief that Wegner's actions were "part of a consistent pattern of obdurate conduct." (Appellants' App. 19). The trial court responded by ordering Dr. Gonso to produce the report, finding that a portion of the misunderstanding about the report was attributable to Schrager. The evidence supports this finding.

Schrager also contends that the trial court neglected to consider Wegner's pattern of misconduct with regard to the aforementioned discovery issues. It is apparent that the trial court attributed a portion of the problems associated with the pattern of discovery

disputes to Schrager's actions. We cannot say that the trial court clearly erred in considering each situation to arrive at this conclusion.

4.    Spoliation

Schrager further contends on cross-appeal that the trial court erred in not addressing the issue of spoliation in its findings of fact and conclusions of law. Spoliation consists of "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usually a document." *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind. 2000). Schrager contends that Wegner intentionally destroyed Dr. Gonso's draft report.

This appeal pertains to the trial court's rulings as they apply to requests for sanctions, including attorney fees. We have carefully read both Schrager's initial and reply briefs, and even though Schrager points to a mention of spoliation in his response to Wegner's motion for sanctions and to confused and obscure discussions during the sanctions hearing about the loss or destruction of evidence, the discussion of spoliation is part of a larger discussion regarding the matter designated by the trial court as Issue F. In short, to the extent that Schrager directed the trial court's attention to spoliation, he did so within the broader parameters of Issue F. We have ruled on this issue and see no error in the trial court's treatment of the issue as a whole.

CONCLUSION

We reverse and remand with instructions that the trial court vacate its award of attorney fees on Schrager's motion for protective order. Conversely, the trial court did

15

not err in denying Wegner's request for attorney fees.  Furthermore, we hold that the trial court did not err in denying expenses, including attorney fees, on Schrager's other four discovery motions.  Finally, the trial court's lack of findings on spoliation as a separate issue does not constitute error.

Affirmed in part and reversed in part.

KIRSCH, J., and NAJAM, J., concur.